## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **KELLI YOUNG,** | Civ. No. 2:21-10764 (WJM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **BLOOMINGDALE'S SHORT HILLS,** | |
| **Defendant.** | |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Kelli Young ("Plaintiff") moves for remand of her single count Complaint, which alleges harassment in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-12(a). ECF No. 6. Also before the Court is Defendant Bloomingdale's, LLC's (incorrectly named in Complaint as "Bloomingdale's Short Hills") ("Defendant" or "Bloomingdale's") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 5. The Court has carefully reviewed both parties' submissions and decides the motions without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion to remand is DENIED and Defendant's motion to dismiss is GRANTED.

### I.    BACKGROUND

Plaintiff Kelli Young is an African American woman who was first employed by Marcolin, U.S.A. Eyewear Corporation ("Marcolin") as a sales representative in 2011. Complaint ("Compl."), at ¶ 1. She worked as a vendor selling eyewear and sunglasses at Bloomingdale's in Short Hills as well as at other stores throughout New Jersey and Pennsylvania. *Id.* at ¶ 2.

On March 30, 2019, Plaintiff was working at Bloomingdale's when Defendant's employee, Diane Niamo, allegedly "put her hands on Ms. Young, leaned up against her, made inappropriate contact with her body, pushed up against her and otherwise touched her body in an aggressive manner." *Id.* at ¶ 3. When Plaintiff tried to walk away, Ms. Niamo purportedly grabbed and spun her around and continued to talk over her while she was involved with a customer. *Id.* at ¶¶ at 4-6.

Plaintiff reported the incident to her Marcolin supervisor as well as to Bloomingdale's Department Manager Katy Scala and to Bloomingdale's Human Resources Department, but did not hear anything further from Bloomingdale's. *Id.* at ¶¶ 9-12. Subsequently, Plaintiff also filed a report with the Millburn Police Department. *Id.* at ¶ 13.

On March 25, 2001, Plaintiff filed suit[1] against Defendant in the Superior Court of New Jersey, Middlesex County. Plaintiff contends that in violation of the LAD, N.J.S.A. § 10:5-12(a), Defendant denied her "the same rights and protections … to the equal benefits of all proceedings … as enjoyed by her co-workers" and intentionally violated her "right to be free from continuous abusive, offensive and humiliating actions and patterns of actions designed to offend and humiliate her" and "engaged in actions that altered the terms and conditions" of her employment. *Id.* at ¶ 15.

As a "direct and proximate result" of Defendant's actions, Plaintiff alleges she suffered "lost wages and other economic losses and other compensation such as benefits and contributions to her pension fund and will continue to suffer severe damages and injuries including, but not limited to humiliation, loss of self-esteem, embarrassment, hurt, gear [sic], frustration, emotional distress, inconvenience and damage to her professional reputation." *Id.* at ¶ 19. Plaintiff seeks relief in the form of "future lost earnings…and any other affirmative relief that may be deemed appropriate at trial" including costs and fees. *Id.* at 4.

Defendant timely removed the matter to federal court on May 5, 2021, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant now moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Plaintiff moves to remand for lack of subject matter jurisdiction. Because this Court cannot address Defendant's motion to dismiss if it lacks subject matter jurisdiction, the Court will begin its analysis with Plaintiff's motion to remand.

## II.    MOTION TO REMAND

Plaintiff posits that remand of this action is proper because the amount in controversy is less than the $75,000 jurisdictional minimum. Subject matter jurisdiction is determined on this issue alone since Plaintiff does not dispute that the parties are diverse.

---

[1] Although Plaintiff states that the sole count in her Complaint is for harassment based on sex, *see* Compl., at ¶ 7; *see also* Plaintiff's Motion ("Pl. Mot.") to Remand at 2, she also describes her claim as one only "for harassment based on race." Compl., at ¶ 17 (alleging wrongdoings were "done because of Ms. Young's race."). Additionally, Plaintiff avers that Defendant's actions were "because of her prior filing of a complaint of discrimination," *id.*, but nonetheless insists that her claim is not for retaliation, Pl. Mot. in Response to Defendant's Opposition ("Def. Opp'n") to Pl. Mot. to Remand at 14.

Plaintiff is a citizen of New Jersey and Defendant, for purposes of determining diversity of citizenship, is a citizen of New York and Delaware. *See* Notice of Removal, at ¶¶ 7-8.

## A. Applicable Standard

As an initial matter, the Court must address the appliable standard to determine whether the jurisdictional threshold is satisfied. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). If it is contested, as it is here, Defendant incorrectly argues that Plaintiff must prove to a "legal certainty" that she cannot recover more than the amount in controversy. To support that assertion, Defendant relies on *Federico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). However, after the *Federico* decision, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011, which amended § 1446. *See Judon v. Travelers Property Cas. Co. of America*, 773 F.3d 495, 503 n.7 (3d Cir. 2014). Section 1446(c)(2) sets forth the procedure that governs when parties seek diversity jurisdiction. That section, which neither party cites, provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks –

> (i) nonmonetary relief; or

> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, *by the preponderance of the evidence,* that the amount in controversy exceeds the amount specified in section 1332(a).

(emphasis added). Where, as here, the State does not permit a plaintiff to request a specific amount of damages in the complaint, *see* N.J. Ct. R. 4:5-2, and the amount in controversy is in dispute, the preponderance of the evidence standard applies. *See Dart*, 574 U.S. at 88 (explaining that under § 1446(c)(2)(B), "when a defendant's assertion of the amount in controversy is challenged[,] … both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."); *see also La Stella v. Aquion, Inc.,* 2020 WL 7694009, at *5 (D.N.J. December

28, 2020) ("preponderance of evidence standard applies whenever a plaintiff disputes jurisdiction.").

Preponderance of the evidence means "proof to a reasonable probability that jurisdiction exists." *Frederico*, 507 F.3d at 196 n.6. The amount in controversy is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993)); *see also Hatchigan v. State Farm Ins. Co.,* 2013 WL 3479436, at *2 (E.D. Pa. July 13, 2013).

Finally, it is Defendant's burden to establish by a preponderance of the evidence that the requisite jurisdictional amount is met. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico*, 507 F.3d at 193. Removal is strictly construed, and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004).

B. Analysis

To establish that the amount in controversy is not satisfied, Plaintiff submits a "Pretrial Stipulation of Fact" declaring that she will not "seek, require or accept" damages in excess of $50,000.  Pl.'s Mot. to Remand, Ex. A at ¶ 7. However, a post-removal stipulation of damages below the requisite amount is insufficient to destroy federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938); *see also Hann v. Home Depot*, 2019 WL 479348, at *5 n.1 (D.N.J. Feb. 7, 2019) (noting post-removal stipulation of damages does not provide a basis to remand); *Cieka v. Rosen*, 908 F. Supp.2d 545, 551 (D.N.J. Nov. 5, 2012) (denying plaintiff's motion to remand based on post-removal affidavit purporting to cap damages at $75,000).

Rather, to determine the amount in controversy in this matter, the Court must look at Plaintiff's "actual legal claims." *See Morgan v. Gay*, 471 F.3d 469, 475 (3d Cir. 2006). Under the LAD, back pay, front pay, and emotional distress damages are recoverable. *See Andugar v. General Nutrition Corp.*, 2018 WL 1087494, at *10 (D.N.J. Feb. 28, 2018). The LAD also permits an award of attorney's fees. *See* N.J.S.A. § 10:5-27.1; *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." (citation omitted)).

Defendant estimates that at issue is at least $23,333 in back pay,[2] which Plaintiff has not challenged, and two years of front pay totaling $70,000, which Plaintiff does

---

[2] The parties' submissions do not detail the circumstances under which Plaintiff's employment with Marcolin was terminated.

dispute. *See* Def.'s Mem. of Law in Opp'n to Pl. Mot. to Remand at 4-5. Additionally, Defendant cites several LAD cases where damages in excess of $75,000 have been awarded for emotional distress. *See e.g., Cuevas v. Wentworth Grp.,* 226 N.J. 480 (2016) (affirming Appellate Division's decision to uphold emotional distress damages of $600,000 and $800,000).

Setting aside the unpredictability of emotional distress damage awards and the disagreement over Defendant's calculations of front pay, the Court notes that the Third Circuit's opinion in *Yucis v. Sears Outlet Stores, LLC,* 813 Fed. Appx. 780 (3d Cir. 2020) is particularly instructive to the present inquiry. In *Yucis,* the plaintiff alleged sexual harassment based on a Sears manager's inappropriate comments to her during her visit to Sears. In the plaintiff's suit, which was filed under the LAD, N.J.S.A. § 10-5-12(f)(1),[3] the plaintiff did not allege touching, but sought damages and attorney's fees for "pain, suffering, embarrassment, and humiliation" arising from that single incident. *Id.* at n.2. Although upon removal the plaintiff did not contest the amount in controversy, the Third Circuit *sua sponte* questioned jurisdiction and ultimately concluded that the plaintiff's allegations and request for attorneys' fees made "it plausible that the value of [the plaintiff's] claims exceeds $75,000." *Id.*

As in *Yucis,* Plaintiff here also seeks damages based on a single incident of harassment. Moreover, in contrast to *Yucis*, in the case at bar, there is an additional allegation of touching as well as a request for front and back pay. Thus, the value of Plaintiff's claim arguably exceeds the value of the claims in *Yucis*. Hence, the Court finds, by a preponderance of the evidence, that the amount in controversy is satisfied.

For these reasons, the Court concludes that subject matter exists pursuant to 28 U.S.C. § 1332(a). Plaintiff's motion to remand is **DENIED**.

### III.   MOTION TO DISMISS

Because the Court has determined that the removal was proper, the Court next considers Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's entire Complaint.

#### A.   Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if,

---

[3] That section prohibits sex discrimination by places of public accommodation against their patrons. *See Yucis*, 813 Fed. Appx. at 783.

accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

      B. <u>Analysis</u>

Defendant argues that Plaintiff's claims, even if true, cannot support a LAD claim under N.J.S.A. § 10:5-12(a) because Bloomingdale's was not Plaintiff's employer. Indeed, according to that statute's plain language, it applies only where there is an employment relationship. Section 10:5-12(a) provides in pertinent part:

It shall be an unlawful *employment* practice, . . .

a. For an *employer*, because of the race, [or other protected characteristic of any individual] … to discriminate against such individual in compensation or in terms, conditions or privileges of employment

(emphasis added); *see Norris v. Securitas Sec. Servs. USA, Inc.*, 2011 WL 3206484, at *3 (D.N.J. July 27, 2011) ("[T]he LAD was intended to prohibit discrimination in the context of an employer/employee relationship." (citing *Pukowsky v. Caruso*, 312 N.J. Super. 171, 184 (App. Div.1998)).

In this case, Plaintiff has pled in the Complaint that she was employed by Marcolin and not by Bloomingdale's. Compl, at ¶ 1. Moreover, Plaintiff has not alleged any facts to suggest that she had any employment relationship with Defendant. *See Norris*, 2011 WL 3206484, at *3 (dismissing sexual harassment, hostile work environment, and wrongful termination claims under LAD due to lack of employment nexus). Instead, Plaintiff summarily concludes that "the LAD protects vendors . . . from wrongful conduct by Bloomindales [sic] employees, in a Bloomingdales [sic] store/facility," and that as a vendor of Bloomingdale's, she is entitled to the "same protections as a worker from discrimination by another worker in the same facility." Pl. Mem. of Law in Opp'n to Def. Mot. to Dismiss at 7, 15. Plaintiff has not provided any legal authority for this Court to agree that N.J.S.A. § 10:5-12(a) applies to vendors.

Therefore, given the absence of an employment relationship between the parties,[4] Plaintiff's claim cannot proceed as a matter of law. Defendant's motion to dismiss

---

[4] Defendant erroneously suggests that Plaintiff's claim is not actionable because a harassment claim based on a single incident is "rare and extreme." Def. Mem. of Law in Further Opp'n to Pl. Mot. to Remand at 8. In New Jersey, "one incident of harassing conduct can create a hostile work environment." *Taylor v. Metzger*, 152 N.J. 490, 499 (N.J. 1998). In any event, the question of whether the incident at issue is sufficiently

Plaintiff's Complaint for failure to state a claim is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice.[5]

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is **DENIED** and Defendant's motion to dismiss is **GRANTED.** An appropriate Order follows.

_____
*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

Date:  September 14, 2021

---

severe to constitute harassment is a fact issue rather than a basis to dismiss as a matter of law. *See Lehmann v. Toys R Us, Inc.*, 132 N.J. 587, 611-612 (N.J. 1993).

[5] Although Defendant seeks dismissal of the Complaint with prejudice, it is not clear to the Court, based on the briefs before it, that any amendment would be futile. *See e.g.,*Pl. Mem. of Law in Opp'n to Mot. to Dismiss at 6 (noting Plaintiff worked at Bloomingdale's "pursuant to an agreement.")